Theresa H. Rava, SBN 272343
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4000
Seattle, WA 98101
Telephone: 206-628-6600
Email: trava@williamskastner.com

*Attorney for Plaintiff Justin Arie Roeloffs d/b/a Roeloffs Solutions*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

JUSTIN ARIE ROELOFFS d/b/a ROELOFFS SOLUTIONS, a California resident and a sole proprietorship,

Plaintiff,

v.

LUIS ROBLES, a California resident,

Defendant.

CASE NO. 1:26-at-03575

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## NATURE OF THE CASE

1. Plaintiff Justin Arie Roeloffs, d/b/a Roeloffs Solutions ("Plaintiff" or "Roeloffs"), brings this action against Defendant Luis Robles ("Defendant" or "Robles") for infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

### I. Parties

2. Plaintiff Justin Arie Roeloffs is a natural person and the proprietor of Roeloffs Solutions with his residence and its principal place of business at 13603 Avenue 160, Tipton, California.

3. On information and belief, Defendant Luis Robles ("Robles") is a natural person, and a resident of Tulare, California.

### II. Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the claims in this complaint under 28 U.S.C. §§ 1331 and 1338(a); this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281 and 289. Accordingly, original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331.

5. This Court has personal jurisdiction over Defendant because it has consented to jurisdiction and does substantial business in this judicial district, including committing the acts of patent infringement described below.

6. Venue is proper in the Eastern District of California under 28 U.S.C. § 1400(b) as it is in this judicial district where Defendant Robles resides.

### III. Factual Background

7. Roeloffs is an innovator, user, and seller of solar panel washing appliances and is notable in that rather than to use heavy hydraulic positioning for cleaning brush framework, has made several distinct light weight cleaning brush frames, which, by virtue of their lightness are self-supporting on the bristles of cleaning brushes the cleaning brush frames comprise and do so without damage to the solar panels when cleaning. Given the lighter framework disclosed by Roeloffs in the patents, an operator could rapidly and safely clean arrays of solar panels.

8. Roeloffs owns all rights, title, and interest in and to U.S. Patent No. 11,616,469 ("the '469 Patent"), issued on March 28, 2023, entitled "Brush-Supported Solar Cell Washing System and Method." A true and correct copy of the '469 Patent is attached as Exhibit A.

9. Roeloffs owns all rights, title, and interest in and to U.S. Patent No. 11,791,767 ("the '767 Patent"), issued on October 17, 2023, entitled "Brush-Supported Solar Cell Washing System and Method." A true and correct copy of the '767 Patent is attached as Exhibit B.

10. Solar panels operating in the Central Valley of California are particularly susceptible to settling debris on the surface of the solar panels. The sources of debris include settled dust, pollen, hard water, and bird droppings. Settled debris can significantly reduce energy production; the settled debris occludes the solar panel surface thereby preventing light from reaching the panels. Periodic cleaning of the solar panel surfaces prevents permanent staining, scratching, and etching of the solar panels which permanently degrade the solar panel's performance.

11. Roeloffs' brush frameworks have proven to be particularly effective in removing the surface debris without damage to the underlying solar panels while accomplishing the cleaning at a more consistent state of cleanliness and to do so at a much more rapid rate of completion.

12. It is Roeloffs' policy and practice to mark its carts protected by one or more of its patents with the patent numbers to provide notice to the public that the product is protected by a U.S. patent. Since the '469 Patent issued, Roeloffs has complied with its marking policy to give notice to the public that specific products are protected by the '469 Patent. Since the '767 Patent issued, Roeloffs has complied with its marking policy to give notice to the public that specific products are protected by the '767 Patent. Further, when Roeloffs confronted Robles with the infringement and in response to Roeloffs pointing out the existence of the '469 and '767 Patents, Robles stated, "You cannot patent a window brush."

13. On information and belief, Defendant has copied the configuration set out in the '469 and '767 Patents and has used the same to usurp Roeloffs' customers in Roeloffs own business of washing solar panels for third-party owners of solar panel arrays within the Eastern Judicial District.

14. Upon information and belief, recently, Roeloffs has identified several third-party owners of solar panel arrays who retained Robles to clean solar panels with Robles' infringing cleaning brush frames (the "Accused Products").

15. Upon information and belief, Robles' infringement of either or both of the '469 and '767 patents has been in willful disregard of each of the '469 and '767 patents.

16. Furthermore, Robles' acts of infringement have been without express or implied license by Roeloffs, are in violation of Roeloffs' rights, and will continue unless enjoined by this Court.

## IV. Cause of Action

### A. Count I (Patent Infringement of the '469 Patent – 35 U.S.C. §§ 271)

17. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

18. Robles has been and continues to directly infringe the '469 Patent by manufacturing, using, offering for sale, or selling the Accused Products in violation of 35 U.S.C. § 271. A representative claim chart demonstrating how the Accused Product satisfies each limitation of at least one claim of the '469 Patent is attached as Exhibit C.

19. Robles' infringement has injured and continues to injure Roeloffs, who is entitled to recover damages adequate to compensate it for Robles' infringement.

20. Roeloffs will continue to suffer irreparable injury unless and until Robles is enjoined by this Court.

21. Roeloffs is entitled to injunctive and compensatory relief, including attorneys' fees and costs, as well as enhanced damages for willful infringement.

22. Robles' expression of his unwillingness to acknowledge patent rights as alleged in paragraph 12 herein creates this as an exceptional case in patent law under 35 U.S.C. § 285; it is one that stands out from others.

**B. Count II (Patent Infringement of the '767 Patent – 35 U.S.C. §§ 271)**

23. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

24. Robles has been and continues to directly infringe the '767 Patent by manufacturing, using, offering for sale, selling the Accused Products in violation of 35 U.S.C. § 271. A representative claim chart demonstrating how the Accused Product satisfies each limitation of at least one claim of the '767 Patent is attached as Exhibit D.

25. Robles' infringement has injured and continues to injure Roeloffs, who is entitled to recover damages adequate to compensate it for Robles' infringement.

26. Roeloffs will continue to suffer irreparable injury unless and until Robles is enjoined by this Court.

27. Roeloffs is entitled to injunctive and compensatory relief, including attorneys' fees and costs, as well as enhanced damages for willful infringement.

28. Robles' expression of his unwillingness to acknowledge patent rights as alleged in paragraph 12 herein creates this as an exceptional case in patent law under 35 U.S.C. § 285; it is one that stands out from others.

**V. Prayer for Relief**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant and in favor of Plaintiff and award the following relief and damages:

A. A determination that Robles has infringed the '469 Patent and the '767 Patent;

B. An injunction permanently enjoining Robles, and his officers, agents, employees, and all others in active concert or participation with it, or any of them, from doing any acts that infringe the '469 Patent and/or the '767 Patent;

C. An award of damages in an amount adequate to compensate Roeloffs for Robles' infringement of the '469 Patent and the '767 Patent.

D. Entry of a judgment and order that Robles take all steps necessary to deliver to Roeloffs all remaining inventory of all Accused Products in its possession, custody or control;

E. Enter a judgment and order requiring Defendant to file with the Court and serve on Roeloffs a written report under oath setting forth in detail its compliance with the injunction within thirty days; and

F. Any further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED this 29 day of September, 2026.

*s/Theresa H. Rava*
Theresa H. Rava, SBN 272343
WILLIAMS, KASTNER & GIBBS PLLC

*Attorney for Plaintiff Justin Arie Roeloffs d/b/a Roeloffs Solutions*